IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. MAYER | ) | CASE NO. 3:08 CV 2020 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CARL ANDERSON, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Steven M. Mayer for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Mayer is currently incarcerated at the Toledo Correctional Institution in Toledo, Ohio, where he is serving a total sentence of 30 years imposed in 2003 by the Mercer County Court of Common Pleas upon accepting Mayer's negotiated plea of guilty to charges of aggravated robbery, theft, and drug possession.[3]

The State has moved that this petition be dismissed as time-barred.[4] Mayer, who is represented by counsel, has responded that the State's motion should be denied, admitting

---

[1] *See*, non-document order of September 8, 2008.

[2] ECF # 1.

[3] *Id*. at 2-4.

[4] ECF # 8.

that his petition was not timely filed but arguing that he is nevertheless entitled to equitable tolling of the habeas limitations period.[5]

For the reasons that follow, I will recommend that the State's motion be granted and the petition dismissed as time-barred.

## Facts

**A.  Guilty plea, sentence, and postconviction motion to vacate**

The facts relevant to the present motion are not complex nor in dispute. After being indicted in July, 2003, on multiple counts of aggravated robbery, theft, and possession of drugs (two counts of which were with a major drug offender specification), Mayer initially pled not guilty to all charges, but then entered a negotiated plea of guilty to some of the charges with the State to dismiss the balance.[6] Under this negotiated plea, Mayer signed a written plea agreement specifically acknowledging that "I understand my right to appeal a maximum sentence, my other limited appeal rights and that an appeal must be filed within 30 days of my sentence."[7]

---

[5] ECF # 10.

[6] *Id*. at 2-3.

[7] ECF # 8, Attachment 3 (state court record) at 15.

The state trial court accepted the plea,[8] together with the State's dismissal of the other charges,[9] and then, on October 1, 2003, sentenced Mayer.[10]  As both parties here agree,[11] Mayer did not timely appeal from this sentence.

Rather, Mayer first attempted to challenge his sentence by means of a motion to vacate filed years later, in May, 2006.[12]  In that motion, Mayer's sole contention was that the imposition of consecutive sentences in his case was contrary to the then recently decided Ohio Supreme Court's decision of *State v. Foster*.[13]  After the State had responded in opposition to the motion to vacate,[14] the trial court denied the motion.[15]

Mayer thereupon appealed that denial unsuccessfully to the Ohio court of appeals,[16] and then to the Supreme Court of Ohio,[17] which finally denied leave to appeal in August,

---

[8] *Id.*, at 16-17.

[9] *Id.*, at 18.

[10] *Id.*, at 19-22.

[11] *See*, ECF # 8 (state motion to dismiss) at 3; ECF # 10 (Mayer's response) at 2.

[12] ECF # 8, Attachment 3 at 23-26.

[13] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[14] ECF # 8, Attachment 3 at 27-28.

[15] *Id.*, at 29-31.

[16] *Id.*, at 32-117.

[17] *Id.*, at 118-53.

2007.[18] The record does not reflect that Mayer subsequently sought a writ of certiorari from the United States Supreme Court.

**B.     The federal habeas petition and motion to dismiss**

In August, 2008, Mayer, through counsel, filed the present petition for federal habeas relief, raising the single ground for relief that the sentence here violated federal law by imposing consecutive sentences as a result of judicial fact-finding.[19]

The State responded by filing this motion to dismiss. In the motion, the State argues that because the claim for relief involves an allegation of error in sentencing, the statutory one-year time limitation for federal habeas petitions began to run on November 1, 2003 – that is, the date of judgment in Mayer's case (October 1, 2003) plus 30 days for filing a timely appeal of that sentence in the Ohio appellate court.[20] The State further contends that once Mayer's one-year limitations period expired on November 1, 2004, his 2006 motion to vacate could not serve to toll an expired limitations period nor restart such period.[21] In addition, the State maintains that equitable tolling, when analyzed under either *Pace*[22] or *Dunlap*,[23] should not apply here.[24]

---

[18] *Id.*, at 153.

[19] ECF # 1 at 5-7.

[20] ECF # 8 at 5-6.

[21] *Id.* at 6-8.

[22] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[23] *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

[24] ECF # 8, Attachment 3 at 8-9.

In his response, Mayer, through counsel, initially concedes that he did not timely appeal his sentence in state court and that consideration of this habeas petition depends on whether equitable tolling is available to him.[25] To that point he argues that equitable tolling should apply because he "did not have any notice regarding his post conviction appeal rights," specifically contending that "[t]he state court record contains no notice of these rights or the time limitation involved."[26]

Thus, he asserts, because he "had no actual or constructive notice of his right to state post conviction relief in the state courts until [such relief was] pursued by new counsel,"[27] this Court should conclude that he is entitled to equitable tolling since he diligently pursued his rights from the moment he became aware of them.[28]

## Analysis

**A.     Standard of review – timeliness and equitable tolling**

The federal statute governing petitions for the writ prescribes, among other things, that such petitions must be filed within one year of the petitioner's conviction becoming final.[29]

---

[25] ECF # 10 at 3.

[26] *Id*. at 4.

[27] *Id.*

[28] *Id*. at 4-5.

[29] 28 U.S.C. § 2244(d)(1)(A).

The statute further provides that the one-year limitations period may be tolled by the time a properly filed application for postconviction relief is pending in state courts.[30]

As to state postconviction filings themselves, courts are clear that an application for state postconviction relief that is not timely filed may not statutorily toll the federal habeas limitations period since time limits are a condition to proper filing.[31]  Moreover, even if the state postconviction petition is properly filed, the limitations period will only be tolled during such time as that application is pending before the state court; even a properly filed application does not restart the federal habeas limitations clock afresh.[32]

Even if statutory tolling is not available, however, a petitioner may be entitled to equitable tolling of the federal habeas time limitation period under limited circumstances.[33] The Supreme Court in *Lawrence v. Florida* stated that a federal habeas petitioner seeking equitable tolling must show "'(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[34]

---

[30] 28 U.S.C. § 2244(d)(2).

[31] *Pace*, 544 U.S. at 417; *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[32] *See*, *Waldron v. Jackson*, 348 F. Supp. 2d 877, 883 (N.D. Ohio 2004).

[33] *See*, *Lawrence v. Florida*, 549 U.S. 327, 335, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling."); *Pace*, 544 U.S. at 418 n.8.  The Supreme Court in *Lawrence* and *Pace* stated explicitly that it has not determined whether equitable tolling is applicable to the AEDPA statute of limitations.  But in both cases the Court was willing to assume that equitable tolling was available for the limited purpose of showing that the petitioners were not entitled to such tolling.

[34] *Lawrence*, 549 U.S. at 335, 127 S. Ct. at 1085, quoting *Pace*, 544 U.S. at 418.

Notwithstanding that the Supreme Court has not directly held that equitable tolling is available to a habeas petitioner, the Sixth Circuit has concluded that equitable tolling is available in habeas cases[35] and would be evaluated according to the rubric of *Andrews v. Orr*.[36] According to that test, factors to be considered in evaluating a claim of equitable tolling are: "(1) lack of actual notice of filing requirement; (2) lack of constructive notice of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."[37] The Sixth Circuit has also stated that these specified factors are not comprehensive or always relevant but that equitable tolling claims are to be evaluated on a case-by-case basis.[38]

In addition to these factors, the Sixth Circuit has also held that equitable tolling of the habeas limitations statute may be available upon a "credible showing of actual innocence"[39] under the standard put forward in *Schlup v. Delo*.[40] According to this test, a petitioner whose claim is otherwise time-barred will be permitted to have his claim heard on the merits if he can demonstrate, through new, reliable evidence not available at trial, that it is more likely

---

[35] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *see also*, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

[36] *Keenan*, 400 F.3d at 421 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

[37] *Id*.

[38] *Id*., citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

[39] *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).

[40] *Schlup v. Delo*, 513 U.S. 298 (1995).

than not that no reasonable juror would have found him guilty beyond a reasonable doubt.[41] To that end, the Sixth Circuit has clarified that actual innocence here means factual innocence, not legal insufficiency.[42]

**B.     Mayer's petition is untimely and should be dismissed as such since he is not entitled to equitable tolling.**

I observe first, as noted earlier, that the parties themselves do not contest the fact that, absent equitable tolling, this petition is subject to dismissal for being filed beyond the statutory one-year limitations period. Thus, the issue here, as Mayer specifically accepts, is whether such equitable tolling applies.

In that regard, I note next that whether equitable tolling analysis proceeds with reference to the five elements identified in *Dunlap*, or subject to the more concise terms of *Pace*, Mayer, in either event, must be found to have diligently pursued his rights from the moment he knew of those rights.

Here, Mayer contends the fundamental issue involves ascertaining when he knew he had a right to appeal his sentence. If, as Mayer asserts, he had no actual or constructive knowledge of any right to appeal his 2003 sentence until his new attorney filed the 2006 motion to vacate, then he claims he should be entitled to equitably toll the period from the imposition of sentence in 2003 through the 2006 motion to vacate.

I note here that Mayer's argument presupposes both that equitable tolling is available to habeas petitioners and that his untimely-filed state court motion to vacate can serve as a

---

[41] *Souter*, 395 F.3d at 590 (citing *Schlup*, 513 U.S. at 327).

[42] *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

basis for equitable tolling. I recommend proceeding without addressing these issues since the record plainly demonstrates that Mayer was fully aware at the time of his sentencing that he had the right to appeal and that any appeal needed to be filed within 30 days of the sentence.

Mayer's contention that "the state court record contains no notice of these [direct appeal] rights or the time limitations involved" in filing an appeal,[43] is incorrect. The record, as cited earlier, contains the written plea agreement, signed by Mayer just prior to sentencing, in which he specifically acknowledges that he understands his right to appeal and that any appeal must be filed within 30 days of the sentencing.[44]

Multiple federal district courts in Ohio have found that the same plea agreement language signed by Mayer is sufficient to provide adequate notice to a federal habeas petitioner of his state appellate rights.[45] Moreover, it is also clear from this record that Mayer never told the state trial court at the time of signing his plea that he did not understand this provision of the written plea agreement. Nor does the record show that he ever made this argument in any other forum at any other time.

Accordingly, I recommend finding that Mayer knew of his state appeal rights concerning his sentence at the time he signed his written plea agreement in September, 2003.

---

[43] ECF # 10 at 4.

[44] ECF # 8, Attachment 3 at 15.

[45] *Zinn v. Eberlin*, No. 5:06-cv-36, 2008 WL 1902638, at *6 n.62 (N.D. Ohio April 28, 2008); *Walker v. Moore*, 1:06-cv-777, 2008 WL 355580, at *6 (S.D. Ohio Feb. 8, 2008); *accord*, *Merriweather v. Brunsman*, No. 1:02-cv-369, 2006 WL 1698825, at *10 (S.D. Ohio June 20, 2006).

I recommend further finding that he took no action to pursue these appellate rights until May, 2006. Based on these findings, I then recommend concluding that Mayer has not been diligent in pursuing his rights and is, therefore, ineligible for equitable tolling.

Accordingly, inasmuch as equitable tolling is not available here, I finally recommend that this petition be dismissed as untimely filed.

## Conclusion

For the foregoing reasons, I recommend that the State's motion to dismiss be granted and that Mayer's petition for habeas relief be dismissed as untimely filed.

Dated:                                             s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[46]

---

[46] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).