**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Steven M. Mayer,** | ) | **CASE NO. 3:08 CV 2020** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Carl Anderson, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman (Doc. 11) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Discussion**

Petitioner, Stephen Mayer, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed as time-barred. Petitioner,

1

represented by counsel, filed an Objection to the Report and Recommendation.  Petitioner, however, fails to present any specific objection and relies exclusively on his previous briefing set forth in the response to the Motion to Dismiss.  Accordingly, this Court need not conduct a *de novo* review.  *See Wallace v. Adams,* 1995 WL 141385 (6th Cir. March 24, 1995) (citations omitted) ("General objections to the entirety of a magistrate judge's report have the same effect as would a failure to object.  A party must make specific objections in order to pinpoint those portions of the magistrate judge's report that the district court must specifically consider, or else the party waives the issues on appeal.")

>The Sixth Circuit has recognized:
>
>This court has allowed parties to incorporate prior arguments into their objections to a magistrate judge's report, but we disfavor such practices. In this particular case, because [petitioner's] arguments before both the district court and this court are clear, we will allow [petitioner] to rely on earlier arguments that he incorporated into his objections.
>
>>The requirement for specific objections to a magistrate judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice. In the present case, unlike in [a prior case], the objections directed the district judge's attention to specific issues decided by the magistrate contrary to [petitioner's] position. The district judge apparently had no problem in focusing on the specific areas of disagreement between the parties. Thus, the objections served the purposes of the requirement that objections be specific.
>
>*Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir.1994). *But see Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir.1997) (rejecting reference to prior arguments because 'reference was not sufficiently specific to satisfy the standards announced by this court in ... *Kelly*.'). We warn, however, that parties who fail to make specific objections do so at their own peril.

*Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004).

Petitioner makes no reference to any specific issue, but merely incorporates prior briefing. Accordingly, this Court has reviewed only for clear error.  Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must

determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

It is undisputed that petitioner did not timely appeal his sentence, and the Magistrate Judge determined that equitable tolling did not apply to save his Petition herein. This Court agrees. Petitioner signed a written plea agreement specifically acknowledging that "I understand my right to appeal a maximum sentence, my other limited appeal rights and that an appeal must be filed within 30 days of my sentence." Petitioner did not timely appeal, but filed a motion to vacate 2 1/2 years later based on *State v. Foster,* 109 Ohio St.3d 1 (2006). Petitioner asserts that equitable tolling applies because he had no notice of post-conviction appeal rights which he diligently pursued once he became aware of them. But, the Magistrate Judge concluded that the plea agreement shows that he was aware of his state appellate rights regarding his sentence and on this basis, petitioner is not entitled to equitable tolling. The Court finds no clear error in this determination.

**Conclusion**

For the foregoing reasons, the Report and Recommendation is accepted, and the findings and conclusions incorporated herein by reference. Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a

certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

       IT IS SO ORDERED.


                                     /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Judge

Dated: 5/14/09